FILED
CLERK, U.S. DISTRICT COURT

AUG 12 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elite Property Management, LLC<br><br>                Plaintiff,<br><br>    vs.<br><br>Deborah Erftenbeck, et al.,<br><br>                Defendant(s). | CASE NO. CV 14-06048 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION |

    The Court remands this unlawful detainer action to state court summarily because defendant removed it improperly.

    Having been sued in what appears to be a routine unlawful detainer action in California state court, defendant lodged a Notice of Removal of that action to this Court and also presented an application to proceed without prepayment of the filing fee. The Court denied the latter application in a separate order because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this order to remand the action to state court.

    Plaintiff could not have brought this action in federal court in the first place, and defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. See 28 U.S.C. § 1441(a). Therefore, defendant has not met his or her burden to establish that removal is proper. See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8-10 (1983);

Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-1043 (9th Cir. 2009).

Defendant is notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct for which the Court may impose sanctions, which may include designating defendant as a vexatious litigant and barring him or her from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, this matter is **remanded** to the Superior Court of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to send a certified copy of this order to the state court and to serve copies of this order on the parties.

**IT IS SO ORDERED.**

DATED: _____8/7_____, 2014

GEORGE H. KING
CHIEF DISTRICT JUDGE